[No. 22218.   Department One.   September 2, 1930.]

J. E. Carlson *et al., Respondents,* v. A. H. Richards
*et al., Appellants.*[1]

*Frank R. Jeffrey,* for appellants.
*Lewis & Black,* for respondents.

Millard, J.—Alleging misrepresentations as to the income from, and expenses of, certain apartment house property in Seattle, plaintiffs instituted this action for rescission of a contract for the purchase of that property. From the decree in favor of the plaintiffs—no findings of fact were made by the court—the defendants have appealed.

All of the assignments are addressed to the question whether the evidence is sufficient to sustain the decree, appellants invoking the rule:

[1]Reported in 290 Pac. 842.

"That testimony must be 'clear, cogent and convincing,' in order to support a judgment as for fraudulent misrepresentations, . . ." *Forsyth v. Davis,* 152 Wash. 595, 278 Pac. 676.

Under the terms of their contract executed March 17, 1928, respondents agreed to purchase from the appellants the Bamberg apartments in Seattle. That property consisted of an apartment building and two adjoining houses that had been converted into apartments. As a first payment on the purchase price of sixty-eight thousand dollars, the respondent conveyed certain King county real property to appellants and paid to appellants twenty-two hundred dollars in cash. J. W. McKernan, a real estate broker, represented both parties, and received a commission from both parties. Over objection of appellants, a written itemized statement of the income and expenses of the apartment property was admitted in evidence. Appellants contend that the statement was not prepared under instructions from them, that the statement was prepared by the real estate broker, who was the agent of the respondents, and that they did not supply the broker with that information.

Respondents and McKernan testified that the statement was submitted to respondents prior to the signing of the contract of purchase and before conveying of respondents' property to the appellants or the payment to appellants of any money by respondents; that respondents insisted upon delivery to them of a statement of income and expenses before they would sign a contract. McKernan testified that, as appellants orally gave to him the information as to the income and expenses, he wrote the figures in a note book and from that prepared and delivered to the respondents the itemized statement. From that statement, it appears that the appellants represented the gross

monthly income of the apartments as eight hundred and ninety-three dollars, or ten thousand seven hundred and sixteen dollars annually; and showed a total annual expense of twenty-three hundred and seventy-nine dollars, including, as an item of expense,. a ten per cent estimated allowance for vacancies, or a net income of eighty-three hundred and thirty-seven dollars.

The purpose of respondents in securing the statement, they explained, was that they desired to ascertain whether the income from the property would be sufficient to pay all expenses of its maintenance and also to meet the monthly installments of five hundred and fifty dollars required of them under the contract for the purchase of the apartment house property. It is inconceivable that they did not demand such a statement. We are clear, as was the trial court, that appellants gave to McKernan the information which he supplied to the respondents in the form of an itemized statement.

Respondents were in possession of the property eight months and thirteen days. During that period, the gross income from the apartments was less than forty-five hundred dollars, the expense of maintenance approximated eighteen hundred dollars, leaving a net income of twenty-seven hundred dollars, or an average net income of thirty-eight hundred and twenty dollars per annum. In other words, based upon their experience of a little more than eight months, the net income of the property would be forty-five hundred dollars less than the amount represented by appellants as the net income of the property.

The six months preceding the sale of the apartments. to respondents, the appellants received in rentals from the property, excluding the two adjoining houses, which were not rented during that period, and which appel-

lants represented rented for a total of two hundred and two dollars a month, a total of thirty-one hundred and two dollars, or an average of five hundred and seventeen dollars monthly. If to this were added six months' rental (never received) for the two adjoining houses, the total would be increased to forty-three hundred and seventeen dollars for the six months' period, or an average of eighty-six hundred and thirty dollars gross annual rental. From this should be deducted the represented expenses of twenty-three hundred and seventy-nine dollars, making the net income sixty-two hundred and fifty-five dollars; that is, the net income, under this computation, was two thousand eighty-two dollars less than the amount represented by appellants. We have disregarded the evidence showing the expenses were in excess of the amount represented by the appellants as the cost of the maintenance of the property. Further review of the testimony would serve no useful purpose.

When misrepresentations as to the earnings of a property are to deceive concerning a material matter, and when such misrepresentations are proven, they entitle the injured to relief. The statement of net income, when made, must be true. *Champneys v. Irwin,* 106 Wash. 438, 180 Pac. 405.

Appellants and respondents knew that McKernan represented both parties and was to be paid a commission by each party. Conceding, however, that he was the agent of the respondents, that fact would not relieve appellants of liability for representations made by them to McKernan as such agent.

A pure question of fact was presented. If the testimony of the respondents and their witnesses is to be believed, the misrepresentations by appellants as to the net income of the apartment house property were clearly, cogently and convincingly established. That

the trial court believed respondents and their witnesses, is reflected by the decree, which, from our examination of the record, we are convinced should be, and it is, affirmed.

MITCHELL, C. J., PARKER, BEALS, and TOLMAN, JJ., concur.